**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUDY VASQUEZ, | Case No. CV 20-8449-JLS (JPR) |
| Petitioner, | |
| v. | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT-MATTER JURISDICTION |
| KATHLEEN ALLISON, CDCR Secretary,[1] | |
| Respondent. | |

On September 14, 2020, Petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging his 1994 convictions for murder and attempted murder. This is his second federal habeas petition challenging that state-court judgment. He first filed one on August 23, 2016; the Court denied it on the merits and dismissed it with prejudice on September 10, 2017. See Vasquez v. Spearman, No. CV 16-6333-JLS

---

[1] The Petition names Ralph Diaz, the former CDCR Secretary, as Respondent. (See Pet. at 1.) Kathleen Allison is the current CDCR Secretary; she is therefore substituted in as the proper Respondent. See Fed. R. Civ. P. 25(d); R. 2(a), Rs. Governing § 2254 Cases in U.S. Dist. Cts.

1

(JPR), 2017 WL 4011054 (C.D. Cal. June 26, 2017), <u>accepted by</u> 2017 WL 3995501 (C.D. Cal. Sept. 10, 2017).

On December 17, 2020, Respondent moved to dismiss the Petition as second or successive as well as premature under <u>Younger v. Harris</u>, 401 U.S. 37, 45-46 (1971).  Despite a sua sponte extension of his time to file opposition, Petitioner never opposed the motion or requested another extension of time to do so.  For the reasons discussed below, Respondent's motion to dismiss is granted and the Petition is dismissed without prejudice.

**PETITIONER'S CLAIMS**

I.   The trial court unconstitutionally imposed restitution without jury findings proven beyond a reasonable doubt.  (Pet. at 5, 9, 15-16.)

II.  The trial court unconstitutionally imposed restitution without a hearing on Petitioner's ability to pay.  (<u>Id.</u> at 5, 17-19.)

III. Under <u>Johnson v. United States</u>, 576 U.S. 591, 606 (2015), Petitioner was convicted under an unconstitutionally vague law. (Pet. at 6, 20-22.)

**BACKGROUND**

On February 18, 1994, a Los Angeles County Superior Court jury convicted Petitioner of second-degree murder and attempted first-degree murder.  (<u>See</u> Lodged Doc. 1 at 2-3.)  The court sentenced him to two consecutive life terms and ordered a restitution fine in the amount of $10,000.  (<u>Id.</u> at 3.)  On November 22, 1995, the state court of appeal affirmed the judgment.  (<u>See</u> <u>id.</u> at 1, 5.) Petitioner doesn't appear to have filed a petition for review in

2

the state supreme court. See Cal. App. Cts. Case Info., https://appellatecases.courtinfo.ca.gov/search/searchResults.cfm?dist=0&search=party (search for "Rudy" with "Vasquez" in Sup. Ct.) (last visited Mar. 11, 2021).

On August 23, 2016, Petitioner filed a federal habeas petition, claiming that under Johnson, 576 U.S. at 591, his sentence was unconstitutional. See Pet., Vasquez, 16-cv-6333-JLS (JPR), ECF No. 1. On September 10, 2017, the Court denied the petition on the merits and dismissed it with prejudice. See Order Accepting R. & R., id., ECF No. 28.

On May 17, 2019, Petitioner filed a habeas petition in the superior court, challenging the constitutionality of the restitution component of his sentence. (See Lodged Doc. 2.) On July 26, 2019, the superior court denied the petition. (See Lodged Doc. 3.) On August 30, 2019, he filed a habeas petition in the state court of appeal, raising the same claims as in the Petition. (See Lodged Doc. 5.) On January 20, 2020, the court of appeal denied the petition. (See Lodged Doc. 6.) On January 29, 2020, he filed a habeas petition in the state supreme court, again raising the Petition's claims (see Lodged Doc. 8); the supreme court summarily denied the petition on May 27 (see Lodged Doc. 9).

Meanwhile, on August 30, 2019, Petitioner filed in the superior court a petition for resentencing under Penal Code section 1170.95.[2]  (See Lodged Doc. 4.) On October 1, 2020, the superior

---

[2] **Error! Main Document Only.**Senate Bill 1437, which went into effect in 2019, "was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person

3

court denied the petition. (<u>See</u> Lodged Doc. 10.) That same day, he filed a notice of appeal. (Lodged Doc. 11.) That appeal remains pending. <u>See</u> Cal. App. Courts Case Info., https://appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (search for "Rudy" with "Vasquez" in 2d App. Dist.) (last visited Mar. 18, 2021).

## PETITIONER'S CLAIMS ARE SUCCESSIVE

The Antiterrorism and Effective Death Penalty Act of 1996 provides, in 28 U.S.C. § 2244(b), as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

---

who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" <u>People v. Martinez</u>, 31 Cal. App. 5th 719, 723 (2019) (citation omitted). The bill enacted section 1170.95(a) to allow those so convicted to "file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." <u>Id.</u> (citation omitted).

4

          (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Not all "[h]abeas petitions that are filed second-in-time are . . . second or successive." Clayton v. Biter, 868 F.3d 840, 843 (9th Cir. 2017). For instance, a petition is not successive "if the factual predicate for the claim accrued only after the time of the initial petition." Brown v. Muniz, 889 F.3d 661, 667 (9th Cir. 2018) (citation omitted). Nor is a petition successive "if it is based on an intervening state court judgment . . . notwithstanding that the same claim . . . could have been brought in the first petition." Id. (emphasis omitted) (citing Magwood v. Patterson, 561 U.S. 320, 331-36 (2010)). A state-court judgment may be "intervening" even if it leaves "in place an earlier challenged conviction and sentence." Clayton, 868 F.3d at 843-44 (citation omitted). Thus, in Clayton, in which the petitioner challenged the denial of a resentencing petition filed under a different state-law provision than the one at issue here, the Ninth Circuit held that the resentencing petition's denial "result[ed] in the entry of a

5

new appealable order or judgment," and therefore his claim challenging that denial wasn't successive. 868 F.3d at 844; see Young v. Cueva, No. CV 20-8304-CJC(E), 2020 WL 8455474, at *2 (C.D. Cal. Oct. 27, 2020) (finding that "denial of a petition for resentencing under . . . section 1170.95" constituted "new judgment" and that petitioner's challenge of denial was not successive).

Accordingly, if the Petition challenged the superior court's denial of Petitioner's section 1170.95 resentencing petition, it likely wouldn't be successive. See Young, 2020 WL 8455474, at *2. But the Petition doesn't address that denial;[3] instead, it challenges the same 1994 judgment as in his 2016 petition in this Court. Indeed, the current Petition's third ground is virtually identical to the claim he raised in that petition, compare Pet., Vasquez, 16-cv-6333-JLS (JPR), ECF No. 1, with Pet. at 6, 20-22, which the Court denied on the merits, see Order Accepting R. & R., id., ECF No. 28.

Thus, Petitioner's claims, which for the reasons Respondent notes aren't based on a factual predicate that accrued after his initial petition was decided or on an intervening state-court judgment (see Mot. Dismiss, Mem. P. & A. at 5-8), are impermissibly successive. See Davis v. Sullivan, No. 17-73465, 2018 U.S. App. LEXIS 19388, *1 (9th Cir. July 13, 2018) (distinguishing Clayton because petition did not challenge denial of resentencing but

---

[3] For the reasons Respondent points out (see Mot. Dismiss, Mem. P. & A. at 8-12), even if it did, the Court would need to abstain under Younger, 401 U.S. at 45-46.

6

rather original judgment of conviction); Cole v. Sullivan, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. Aug. 19, 2020) (holding that "denial of [section 1170.95] resentencing relief" does not "open the door for a petitioner to bring a new challenge to an old conviction that already has been challenged, versus a challenge to the resentencing decision, absent authorization to file a second or successive petition"); Kirkpatrick v. Foss, No. CV 17-08917-CAS (AGR), 2019 WL 4859062, at *1 (C.D. Cal. Oct. 2, 2019) (same), appeal filed, No. 19-56438 (9th Cir. Dec. 11, 2019).

Because the Petition is successive within the meaning of § 2244(b), Petitioner was required to secure an order from the Ninth Circuit authorizing its filing. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam). A review of the Ninth Circuit's docket indicates that he has not obtained any such order; indeed, he apparently has never even requested one. Accordingly, the Petition must be dismissed.

**ORDER**

For the foregoing reasons, IT IS ORDERED that Respondent's motion to dismiss is granted and the Petition is dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 24, 2021

JOSEPHINE L. STATON
U.S. DISTRICT JUDGE

Presented by:

_____
Jean Rosenbluth
U.S. Magistrate Judge

7